IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRIDGETT ROBBINS; STATE OF MISSOURI; )<br>and DOERNER, SAUNDERS, DANIEL & )<br>ANDERSON, LLP, )<br>Defendant. ) | Case No. 5:22-cv-6056 |

**COMPLAINT**

The United States of America, for its complaint against Bridgett Robbins, State of Missouri, and Doerner, Saunders, Daniel & Anderson, LLP alleges the following:

1. This is a civil action brought by the United States of America pursuant to 26 U.S.C. §§ 7401 and 7403 and 28 U.S.C. § 3201(f)(1) to enforce federal tax liens and a judgment lien upon certain real property described in this complaint.

2. This action has been requested and authorized by a delegate of the Secretary of the Treasury and is brought at the direction of the delegate of the Attorney General of the United States.

**JURISDICTION AND PARTIES**

3. The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1396 because it is the district where the real property at issue is located.

5. Defendant Bridgett Robbins, whose federal tax liabilities are the subject of this action, resides in Osborn, Missouri, within this judicial district. Defendant Bridgett Robbins is indebted to the United States as set forth in the judgment entered against her on July 8, 2021, in *United States v. Bridgett Robbins*, Case No. 5:21-cv-6030 (W.D. Mo.).

6. Defendant State of Missouri is named as a party to this action because it may claim an interest in the real property based on tax liens recorded on or about November 25, 2011, June 17, 2016, and September 9, 2016.

7. Defendant Doerner, Saunders, Daniel & Anderson, LLP is named as a party to this action because it may claim an interest in the real property based on a judgment recorded on or about December 28, 2015.

8. The United States seeks to foreclose its federal tax liens on real property located at 348 Clinton Ave., Osborn, Missouri, 64474, in DeKalb County, Missouri ("Property"), within this judicial district, described as follows:

> All of Lots Two (2) and Three (3), Block Three (3), in the Original Town, now City of Osborn, DeKalb County, Missouri.

9. Bridgett Robbins obtained the Property from Nicole Smith by quitclaim deed dated January 31, 2018 and recorded on or about February 9, 2018. From around August 26, 2005 to February 9, 2018, Bridgett Robbins was the beneficial owner of the Property.

## COUNT I
## FEDERAL TAX LIEN FORECLOSURE

10. The United States realleges and incorporates by reference the allegations made in paragraphs 1 through 9 above.

11. On the dates, for the tax periods, and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against Bridgett Robbins for federal income

taxes, interest, and penalties. The unpaid balance of the assessed amounts, which includes assessed and unassessed interest and statutory additions and fees, less any payments or credits, are as follows:

| Tax Year | Date of Assessment | Amount of Tax and Statutory Additions Assessed | Amount Owed as of January 8, 2021 |
|---|---|---|---|
| 2008 | May 19, 2014 | $35,705.29 | $53,639.66 |
| 2009 | May 19, 2014 | $38,892.46 | $57,750.13 |
| 2010 | May 19, 2014 | $106,720.02 | $162,849.90 |
| 2011 | October 14, 2013 | $824,898.43 | $1,106,289.70 |
| 2016 | July 24, 2017 | $8,165.67 | $11,410.45 |
| 2017 | June 4, 2018 | $32,404.16 | $44,293.45 |
| | | **Total Owed as of January 8, 2021: $1,436,233.29** | |

12. The assessments identified in paragraph 11 above were made in accordance with the law.

13. A delegate of the Secretary of the Treasury gave notice of each assessment described in paragraph 11 to Bridgett Robbins and made demand for payment on or about the date of each assessment.

14. Despite proper notice and demand for payment of the assessments described above in paragraph 11, Bridgett Robbins failed to pay the amounts assessed against her and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

15. As a result of the failure of Bridgett Robbins to satisfy the assessments described above in paragraph 11, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the

3

dates of the assessments and these tax liens attached to all property and rights to property then owned or thereafter acquired by Bridgett Robbins, including the Property at issue.

16. On August 25, 2014, a notice of federal tax lien against Bridgett Robbins for the federal income tax liabilities for tax years 2008, 2009, 2010, and 2011 was filed with the DeKalb County, Missouri clerk.

17. On May 20, 2019, a notice of federal tax lien against Bridgett Robbins for the federal income tax liabilities for tax years 2016 and 2017 was filed with the DeKalb County, Missouri clerk.

18. On the dates, for the tax periods, and in the amounts indicated below, a delegate of the Secretary of the Treasury made assessments against Bridgett Robbins for federal trust fund recovery penalties (TFRPs) pursuant to 26 U.S.C. § 6672 for her failure to collect, truthfully account for, and pay over to the United States the withheld income and FICA taxes for employees of Midwest Circulations LLC. The assessed amounts of the TFRPs and the current balance with accrued interest and penalties are as follows:

| Period Ending | Date of Assessment | Assessed TFRP | Amount Owed as of January 8, 2021 |
|---|---|---|---|
| December 31, 2011 | October 26, 2015 | $12,094.25 | $15,161.99 |
| December 31, 2012 | April 18, 2016 | $16,734.66 | $20,980.45 |
| December 31, 2013 | October 26, 2015 | $29,311.03 | $36,745.85 |
| December 31, 2014 | October 26, 2015 | $35,941.96 | $45,058.74 |
| December 31, 2015 | June 27, 2016 | $19,577.04 | $23,996.76 |
| | | **Total Owed as of January 8, 2021: $141,943.79** | |

19. The assessments identified in paragraph 18 above were made in accordance with the law.

20. A delegate of the Secretary of the Treasury gave notice of each assessment described in paragraph 18 to Bridgett Robbins and made demand for payment on or about the date of each assessment.

21. Despite proper notice and demand for payment of the assessments described above in paragraph 18, Bridgett Robbins failed to pay the amounts assessed against her and therefore remains indebted to the United States for the unpaid balance plus statutory additions and interest accruing from the dates of assessment.

22. As a result of the failure of Bridgett Robbins to satisfy the assessments described above in paragraph 18, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 as of the dates of the assessments and these tax liens attached to all property and rights to property then owned or thereafter acquired by Bridgett Robbins, including the Property at issue.

23. On December 7, 2015, a notice of federal tax lien against Bridgett Robbins for the TFRPs for the periods ending December 31, 2011, December 31, 2013, and December 31, 2014 was filed with the DeKalb County, Missouri clerk.

24. On May 20, 2019, a notice of federal tax lien against Bridgett Robbins for the TFRPs for the periods ending December 31, 2012 and December 31, 2015 was filed with the DeKalb County, Missouri clerk.

25. The federal tax liens described above attached to the Property.

WHEREFORE, the United States requests that the Court enter judgment in its favor as follows:

(a) Declare that the United States has valid and subsisting federal tax liens which attach to all property and rights of property of Bridgett Robbins, including the Property described above in paragraph 8;

(b) Order that the federal tax liens be foreclosed and enforced against all of Bridgett Robbins' property, including the Property;

(c) Order that if any of the defendants claim an interest in the Property senior to the federal tax liens that they affirmatively demonstrate the priority of their interest so that the Court can determine and adjudge the priority of the interests and claims of the parties in the Property;

(d) Order that the Property be sold at a judicial sale, free and clear of any right, title, lien, claim, or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

(e) Award the United States its costs and such other and further relief as the Court deems just and proper.

## COUNT II
## JUDGMENT LIEN FORECLOSURE

26. On March 4, 2021, the United States filed a Complaint, *United States v. Bridgett Robbins*, Case No. 5:21-cv-6030 (W.D. Mo.), to reduce to judgment the assessments described above in paragraphs 11 and 18.

27. On July 8, 2021, the Court entered judgment against Bridgett Robbins for the unpaid federal income tax liabilities in the amount of $1,436,233.29 plus statutory interest and additions accruing according to 26 U.S.C. § 6621 after, January 8, 2021, and for the unpaid TFRPs in the amount of $141,943.79 plus statutory interest and additions accruing according to 26 U.S.C. § 6621 after January 8, 2021.

6

28. On or about August 32, 2021, the United States filed an abstract of judgment pursuant to 28 U.S.C. § 3201 with the County Recorder for DeKalb County with respect to the judgment described above in paragraph 27. The abstract of judgment was recorded and given document number 219008.

29. The judgment lien attached to the Property.

30. The federal tax liens and judgment lien should be enforced against the Property, the Property sold pursuant to Court order, and the proceeds from such sale distributed in accordance with the Court's findings as to the validity and priority of the liens and claims of all the parties to this action.

WHEREFORE, the United States requests that the Court enter judgment in its favor as follows:

(a) Declare that, by virtue of the judgment and abstract of judgment described above in paragraphs 27 and 28, the United States has a valid and subsisting lien which attaches to all real property of Bridgett Robbins, including the Property;

(b) Order that the judgment lien be foreclosed and enforced against all of Bridgett Robbins' property, including the Property;

(c) Order that if any of the defendants claim an interest in the Property senior to the judgment lien that they affirmatively demonstrate the priority of their interest so that the Court can determine and adjudge the priority of the interests and claims of the parties in the Property;

(d) Order that the Property be sold at a judicial sale, free and clear of any right, title, lien, claim, or interest of any other lien holders, and that the proceeds of the sale be distributed to the parties in such amounts as the Court determines; and

(e) Award the United States its costs and such other and further relief as the Court deems just and proper.

Dated: May 17, 2022

TERESA A. MOORE
United States Attorney
DAVID A. HUBBERT
Deputy Assistant Attorney General

 s/ Daniel A. Applegate
DANIEL A. APPLEGATE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-8180
Fax: (202) 514-6770
daniel.a.applegate@usdoj.gov